# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION
### CIVIL ACTION NO. 4:17-CV-00017-JHM

**CYNTHIA GAY BORUM, as Administratrix**
**of the Estate of Nichole Alyce Borum**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **PLAINTIFF**

**VS.**

**JUNG WOOK KANG SMITH, MD;**
**DEACONESS CLINIC, INC.;**
**DEACONESS HOSPITAL, INC.;and**
**DEACONESS HEALTH SYSTEM, INC.** $\qquad\qquad\qquad\qquad$ **DEFENDANTS**

## MEMORANDUM OPINION
## AND ORDER

Before the Court is the motion of Defendants (hereinafter "Deaconess") for a protective order prohibiting the Plaintiff from disseminating what it claims are confidential and proprietary documents to be produced in discovery (DN 18). Plaintiffs have responded in opposition at DN 23 and Deaconess replied at DN 27. For the reasons which follow, the motion is denied.

This is an action for medical negligence. Plaintiff's decedent was provided medical services by the Deaconess, whose negligence the Plaintiff claims lead to the decedent's death. Deaconess has withheld production of its policies and procedures, medical bylaws, and codes of conduct. Deaconess contends that these documents constitute business trade secrets which are confidential and proprietary to Deaconess. Moreover, Deaconess contends that these documents are not disseminated to the public or made available for public consumption and that if the documents become public knowledge it could result in a loss of competitive advantage. As such,

Deaconess asks for a protective order which would prohibit Plaintiff from sharing the information with non-case affiliated persons and require Plaintiff to return or destroy the documents at the conclusion of the litigation.

The Plaintiff opposes the motion, but mixes concepts dealing with motions for protective orders restricting dissemination of material provided in discovery, such as the present motion, and motions to seal documents in the court record from public inspection, which Deaconess does not seek. As the Sixth Circuit has noted, there is a "stark difference" between court orders which preserve the secrecy of proprietary information while parties trade discovery and orders which seal the court's record. Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593 (6th Cir. 2016). The criterion for granting a protective order which restricts dissemination of documents outside the court record has been articulated as follows:

> "As a general rule, pre-trial discovery proceedings are conducted in public unless compelling reasons exist to deny access." Waelde v. Merck, Sharp & Dohme, 94 F.R.D. 27, 28 (E.D. Mich. 1981). Pursuant to Rule 26(c), the Court may enter a protective order "for good cause shown" to protect a party by requiring that confidential material not be revealed or be revealed only in a designated manner. When a business seeks protection of a trade secret or of commercial information under Rule 26(c), it must show that disclosure would cause "clearly defined and very serious injury." Id. "[V]ague and conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make 'a particularized showing that the information sought is confidential' and come forth with 'specific examples' of competitive harm." Id. (quoting Parsons v. General Motors Corp., 85 F.R.D. 724, 726 (N.D. Georgia 1980)). In sum, in order to satisfy Rule 26(c), [the movant] must show that (1) the interest for which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order.

Mitchell v. Home Depot U.S.A., 3:11-CV-332, 2012 U.S. Dist. LEXIS 82562, at *4-5 (W.D. Ky. June 14, 2013).

The question, therefore, is whether the Defendants have demonstrated "good cause" for issuance of a protective order. The Court has wide discretion in weighing any relevant factors and deciding whether to issue a protective order. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

Deaconess characterizes the policies and procedures, medical bylaws, and codes of conduct as trade secrets. The Court is guided by the Kentucky Uniform Trade Secrets Act (KUTSA), KRS 365.880(4), in determining if documents constitute trade secret information entitled to protection under Rule 26. Mitchell, 2012 U.S. Dist. LEXIS 82562 at *5-6. That statute defines a "trade secret" as "information, including a formula, pattern, compilation, program, data, device, method, technique or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." KRS 365.880(4).

Deaconess argues that its documents satisfy the requirements because Deaconess is in the business of providing healthcare and several entities in the region compete for business. Deaconess contends that quality and safety of services are crucial factors in a patent's decision in selecting a healthcare provider and the protocols which Deaconess employs facilitate quality care and patient safety. Those protocols, therefore, represent an independent economic value. Further, Deaconess asserts that it developed these protocols through the expenditure of significant time, effort and expense through internal collaborative processes. Should a competitor obtain these documents, it would benefit from Deaconess's investment. Deaconess notes that the documents for which it seeks protection are not available to the general public.

In the event the Court does not agree that the documents qualify for protection as trade secrets, Deaconess' fallback position is that they are nonetheless entitled to protection as confidential commercial information.

In support of its argument, Deaconess has tendered an affidavit from Darla Vote, Manager of the Risk Management Department of Deaconess Health System, Inc. In her affidavit, she states that Deaconess's policies and procedures, medical bylaws, and codes of conduct are created through an internal, multi-department, multi-phased process. She states further that the creation and revisions of these protocols consume "many hours and resources by Deaconess staff" and that it has reasonably restricted access to these documents, making them available only to employees and staff (DN 18-4).

The undersigned concludes that Deaconess has failed to make a showing of a clearly defined and specific injury if the information is publicly disclosed. While the documents in question may satisfy the criteria for consideration as trade secrets, that does not end the inquiry. In order to demonstrate entitlement to protection, a party must identify a particular document and connect disclosure of that document to a specific negative economic repercussion. *See* Ingalsbe v. Henderson Health Facilities, L.P., No. 4:16-CV-00070-JHM, 2017 U.S. Dist. LEXIS 43966, at *7-9 (W.D. Ky. March 27, 2017) (employee personnel files, contracts with service providers, training and attendance records, company policies, procedures and guidelines, compensation structures, cost reports and medical records could lead to specific competitive disadvantage, employee lawsuits and liability for failure to comply with statutorily mandated medical record confidentiality); Owens v. Liberty Life Assur. Co., 4:15-CV-00071-JHM-HBB, 2016 U.S. Dist. LEXIS 172540, at *6 (W.D. Ky. Dec. 14, 2016) (demonstration of "plausible scenario" where disclosure of policies and procedures, contracts, bonus plans and organizational structure could

result in serious damage to business).  Moreover, arguing that documents are of a "type" afforded protected treatment in other cases is insufficient to satisfy the burden.  Owens v. Liberty Life Assur. Co., No. 4:15-CV-00071-JHM-HBB, 2016 U.S. Dist. LEXIS 115477, at *9 (W.D. Ky. Aug. 29, 2016).

Here, Deaconess has done nothing more than provided a general recitation that the documents in question satisfy the elements constituting a trade secret and then made a conclusory statement that disclosure of the documents would provide competitors with an advantage.  Deaconess has failed to identify anything "unique or distinctive" about its policies and procedures that are different from those employed by other competitors in the healthcare market.  *See* Mitchell, 2012 U.S. Dist. LEXIS 82562, at *15.  As that case noted, a generalized claim that disclosure of policies and procedures will result in harm if the public obtains access to them "could apply to all businesses that develop policies and procedures.  If the court were to issue a protective order based upon such a generalized showing, the general principle of open access that underlies the judicial system would be eviscerated."  Id. at *11-12 (*quoting* Braack v. Home Depot U.S.A., Inc., No. C07-5003RJB, 2007 U.S. Dist. LEXIS 52967, at *10-11 (W.D. Wash. July 23, 2007)).  Moreover, contrary to Deaconess' assertion of the efforts it makes to maintain the confidentiality of the documents in question, the medical staff by-laws, organization manual, general rules and regulations and credentialing manual are publicly available on its website.  *See* http://www.deaconess.com/For-Health-Professionals.aspx (visited 6/13/17).

**IT IS HEREBY ORDERED** that the motion for a protective order filed by Deaconess

(DN 18) is **DENIED**.

H. Brent Brennenstuhl

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 14, 2017

Copies to:    Counsel of Record