UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

*Electronically Filed*

| | |
|---|---|
| CYNTHIA GAY BORUM, as ) <br> Administratrix of the Estate ) <br> of Nicole Alyce Borum ) <br> ) <br>     PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> JUNG WOOK KANG SMITH, MD., ) <br> DEACONESS CLINIC, INC., ) <br> DEACONESS HOSPITAL, INC. ) <br> DEACONESS HEALTH SYSTEM, INC.) <br> ) <br>     DEFENDANTS ) | CASE NO.: 4:17-cv–00017-JHM-HBB |

---

**SECOND SUPPLEMENTAL FRCP 26(a) DISCLOSURES OF DEFENDANTS**

---

Come the defendants, Jung Wook Kang Smith, M.D., Deaconess Clinic, Inc., Deaconess Hospital, Inc., and Deaconess Health System, Inc., and for their Second Supplemental FRCP 26(a) Disclosures pursuant to the Court's Fourth Amended Scheduling Order, states as follows:

    (i)    The following individuals are likely to have discoverable information that the Defendants may use to support their defenses:

1. Cynthia Borum. Ms. Borum is likely to have information concerning Nicole's medical history, her observations of Nicole during the summer and fall of 2015 up until the night before her death, Nicole's willingness to share information about her mental health, Nicole's activities during the last months of her life, Nicole's care and treatment by the Defendants, and her observations regarding Nicole's suicide, including Nicole's suicide note.

2. Nicole Borum's medical care providers identified in her medical records, who are likely to have information about the medical and psychological care and treatment provided to Nicole, including their diagnoses, observations, prognosis, and other information, including but not limited to:

    A. Dr. Jung Wook Kang Smith;

    B. Syrrus N. Powell, LCSW;

    C. Mrinal Mullick, MD, Medical Center at Bowling Green;

    D. Suneel Boyareddygari, MD;

    E. Shanna Kozak, APRN

3. Nicole Borum's friends, who are likely to have information regarding her activities in the months prior to her death, their observations of her mental state prior to her death, any changes in her behavior or actions, their conversations with Nicole, including but not limited to:

    (A) Gracie Peters;

      (B)    Oscar Trevino;

      (C)    Shelby Duncan;

      (D)    Maria Goff;

      (E)    Jerze Hazelett;

      (F)    Loni Decker.

4. Dr. Allen White, Vice President and Chief Physician Administrative Officer, Deaconess Clinic. Dr. White may have discoverable information regarding the corporate structure of the defendant entities; the management, oversight, and operations of Deaconess Clinic; Deaconess Clinic's policies and procedures; the hiring, training, and supervision of Dr. Jung Smith; Deaconess Clinic's efforts to prevent suicide in its patient population; and other information discussed in his deposition.

5. Individuals identified in the records received from the Bowling Green Police Department may have knowledge and information about the scene of Nicole's death, the contents of her home, and the evidence they collected during their investigation.

6. Dwayne Lawrence, Warren County Coroner's Office, who is expected to have information related to his investigation into Nicole's cause of death, including the results of her toxicology laboratory tests.

7. Unidentified representative of AIT Laboratories to authenticate Nicole Borum's toxicology results.

8. Any witness who has been deposed in this matter may have discoverable information consistent with their deposition testimony, including but not limited to representatives of the Defendants: Erin Heim, Carrie Owen, Candace Foster, Natalie O'Daniel, Ginny Waters, and Allen White, M.D.

9. Any witness identified by the Plaintiff.

10. Expert witnesses, who will be identified in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

(ii) These defendants may the following documents or evidence to support their defenses at trial. All of these documents or items have been produced in discovery or are in the possession of Plaintiff's counsel. Defendants reserve the right to supplement this list as additional documents and evidence is located:

(A) Nicole Borum's certified medical record from Deaconess Health System

(B) Nicole Borum's "Historical visit" records from Deaconess Health System

(C) Records of 6/14/2015 telephone call from Deaconess Health System

(D) Records of Correspondence, Telephone Messages, and Intra-office messaging from the Defendants

(E) Appointment Information from Deaconess Cross Pointe for Cancelled Psychotherapy Appointment on July 9, 2015.

(F) Records from the Warren County Coroner's Office, including the Coroner Investigation Report, death certificate, and toxicology report from AIT Laboratories.

(G) Records from the Bowling Green Police Department concerning Nicole Borum, including all calls to 911 made by Nicole.

(H) Forensic analysis of Nicole Borum's cell phone and laptop, including text messages, call logs, web searches, photographs, etc., with Affidavit of authenticity from Digital Forensics, Inc.

(I) Nicole Borum's cell phone records.

(J) Nicole Borum's medical and/or pharmaceutical records from Medical Center at Bowling Green; Walgreens; Rite Aid; Women's Health Specialists; Graves Gilbert Clinic; and Owensboro Dermatology.

(K) Calendar of Nicole's activities prepared by her mother.

(L) Nicole's education records from Western Kentucky University.

(M) Nicole's employment records from Montana Grill/Rafferty's, Payne Wealth Partners, and any other records that are obtained by subpoena prior to trial.

(N) Nicole's tax returns.

(O) Dr. Smith's employment, personnel, and/or HR files with Deaconess Clinic, Inc.

(P) Documents evidencing the corporate and organizational structure of the Defendant corporate entities.

(Q) Defendants' policies and procedures.

(R) Dr. Smith's employment contracts with the Defendant entities.

(S) Dr. Smith's patient counts, visit counts, and analysis of her experience in treating patients with mental health diagnoses.

(T) Items found in Nicole's home, including prescription medication bottles and pills found within the bottles.

(U) Documents relied upon by Plaintiff's expert witnesses to be supplemented in accordance with the Federal Rules of Civil Procedure and any orders of the Court.

(V) Any other document produced in discovery or identified in Plaintiff's disclosures.

PHILLIPS PARKER ORBERSON & ARNETT, PLC

<u>/s/ Katherine T. Watts</u>
JOHN W. PHILLIPS
KATHERINE T. WATTS
716 West Main Street
Suite 300
Louisville, Kentucky 40202
(502) 583-9900
jphillips@ppoalaw.com
kwatts@ppoalaw.com
cpotts@ppoalaw.com
dchurchman@ppoalaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system and served via e-mail to the following counsel:

Anthony P. Ellis, Esq.
ELLIS LAW GROUP, PLLC
624 W. Main Street
Suite 200
Louisville, Kentucky 40202
AELLIS@THEELLISLAWGROUP.COM
*Co-Counsel for Plaintiff*

William D. Nefzger, Esq.
BAHE COOK CANTLEY & NEFZGER, PLC
Marion E. Taylor Building, 6th Floor
317 South Fourth Street
Louisville, Kentucky 40202
will@bccnlaw.com
*Co-Counsel for Plaintiff*


Samuel J. Bach, Esq.  
Bach & Armstrong LLC  
312 First Street  
P.O. Box 881  
Henderson, Kentucky 42419  
sam@bacharmstrong.com  
*Co-Counsel for Plaintiff*

                                              /s/Katherine T. Watts  
                                              Katherine T. Watts