UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CR 4:17-cv-00017-JHM-HBB

CYNTHIA GAY BORUM, as
Administratrix of the Estate of
NICOLE ALYCE BORUM                                                                                       PLAINTIFF

v.          **PLAINTIFF'S FIRST SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES**

JUNG WOOK KANG SMITH, MD et al.                                                                DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Plaintiff Cynthia Gay Borum, as Administratrix of the Estate of Nicole Alyce Borum, by counsel, respectfully submits the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The initial disclosures are based on Plaintiff's investigation thus far, and she therefore reserves the right to identify any additional documents

I.      **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

a.      Cynthia Gay Borum. Ms. Borum is likely to have discoverable information concerning Nicole Alyce Borum's use of the medication, request for such medication, activities following her beginning of treatment with the Defendants, her observations and knowledge of Nicole's medical condition and treatment, her observations and interactions with Nicole prior to commencing treatment with Defendants, employment history, wages, earnings, and Nicole's ability for future earnings. Plaintiff may be contacted through counsel.

b.      Shelby Duncan. 111 North Quail Run, Henderson, KY 42420. Ms. Duncan was Nicole's friend for 16 years, and spent significant time with Nicole in the summer leading up to

her death. Ms. Duncan is expected to testify concerning her relationship with Nicole, observations about Nicole prior to the treatment provided by Defendants, observations of Nicole after the treatment provided by Defendants, her observations of Nicole setting a timer on her phone to remind her to take her medication and her taking of the medication, observations of Nicole between the period of when she was seeking treatment from Defendants but before she was prescribed medication, her discussions with Nicole about whether to take medication and her own experiences, Nicole's work ethic, character, employment history, and Nicole's likelihood of future earnings.

      c.      Gracie Peters. Last Known address: 100 Forrest Court, Apt. 2, Louisville, KY 40206. Ms. Peters was Nicole's friend beginning in 2011 when she and Nicole worked at Montana Grill, and was in contact with Nicole up and through the weeks before her death. Ms. Peters is expected to testify concerning her relationship with Nicole, observations about Nicole prior to the treatment provided by Defendants, observations of Nicole after the treatment provided by Defendants, Nicole's work ethic, character, employment history, and Nicole's likelihood of future earnings. She is expected to testify concerning her discussions with Nicole concerning Nicole's initial suicidal activities, Nicole's discussion with her that she bought a gun when she moved back to Bowling Green for safety because she was now living alone in the house, and Nicole's discussion with her about her commencement of therapy through the Defendants.

      d.      Maria Goff. Last known address: Albuquerque, NM. She was Nicole's friend at Western Kentucky University. She is expected to testify about her relationship with Nicole, observations about Nicole prior to the treatment provided by Defendants, observations of

Nicole after the treatment provided by Defendants, Nicole's work ethic, character, employment history, and Nicole's likelihood of future earnings. She is further expected to testify about her interactions with Nicole in the summer leading up to her untimely death, including her conversations with Nicole where Nicole told her she was taking her medication. She is further going to testify about her

  e. Oscar Trevino. Mr. Trevino was Ms. Borum's boyfriend for approximately five years leading up to her initial Tylenol overdose, and has information concerning the nature and circumstances leading up to that overdose, observations about Nicole prior to the treatment provided by Defendants, observations of Nicole after the treatment provided by Defendants, Nicole's work ethic, character, employment history, and Nicole's likelihood of future earnings.

  f. Individuals identified in Ms. Borum's medical records are likely to have knowledge and information about the medical care and treatment provided to Nicole, including their diagnosis, observations, medical expenses and prognosis, and other information. This includes (but is not limited to) the following current and former individuals who were employed by or affiliated with the Defendants:

    a. Jung Wook Kang Smith, MD, who has been deposed in this matter;

    b. Syrrus N. Powell, who has been deposed in this matter;

    c. Mrinal Mullick, MD, Bowling Green Medical Center;

    d. Suneel Boyareddygari, MD

    e. Shanna Kozak, APRN

  g. Unknown individuals affiliated with Nicole's former employers may testify as to facts concerning Nicole's employment history, wages, earnings, work ethic, responsibility, pain

and suffering, loss of enjoyment of life and other damages sustained by Plaintiff. This may include one or more of the following:

      a. Corporate representative of Montana Grill;

      b. Corporate representative of Raffertys, Inc.;

      c. Corporate representative of Payne Wealth Partners;

    h. Unknown individuals affiliated with educational institutions that Nicole attended, including Western Kentucky University, may testify as to facts concerning her educational background, work ethic, responsibility, and potential future wages, earnings and other income. This may include:

      a. Dean Jeffrey P. Katz, Western Kentucky University.

    i. Individuals identified in the records received from the Bowling County Police Department may have knowledge and information about the scene of Nicole's death, the contents of her home, and the evidence they collected during their investigation. Such individuals and their contact information are identified on the information being produced by Plaintiff. Plaintiff has not yet made any determination about which individuals, if any, may have discoverable information that Plaintiff intends to use to support her claims. Plaintiff would expect to call the photographer who took the photographs of Nicole Borum's home following her death, and the individual who captured the images of the Lexapro pill bottles.

    j. Dwayne Lawrence, Warren County Coroner's Office, 832 Broadway, Bowling Green, KY 42101. Mr. Lawrence may have knowledge and information concerning Ms. Borum's death, the cause and circumstances of her death, and her injuries at the time of her death.

  k. Current or former employees of the Hospital Defendants, who may have knowledge and facts concerning Plaintiff's negligence claims against the Hospital Defendants. Such individuals at this time are unknown. This may include (but is not limited to):

    a. Erin Heim, who has been deposed in this matter.

    b. Carrie Owen, who has been deposed in this matter.

    c. Candace Foster, who has been deposed in this matter.

    d. Erin Heim, who has been deposed in this matter.

    e. Natalie O'Daniel, who has been deposed in this matter.

    f. Ginny Waters, who has been deposed in this matter.

    g. Allen White, MD, who has been deposed in this matter.

  l. Jerome A. Adams, MD, MPH, State Health Commissioner for Indiana State Department of Health, who is expected to have information concerning suicide prevalence and resources for treating Suicide within the Evansville regional area, along with additional members of the Indiana State Department of Health, including (but not limited to)

    a. Pam Pontones, MA, Deputy State Health Commissioner and State Epidemiologist;

    b. Arthur L. Logsdon, Assistant Commissioner Health and Human Services;

    c. Katie Hokanson, Director, Division of Trauma and Injury Prevention; and

    d. Rachel Kenny, MPH, Indiana Violent Death Reporting System Epidemiologist, Division of Trauma and Injury Prevention;

  m. Michael Flaherty, Chairman of the Owensboro Regional Suicide Prevention Coalition;

      n.      A representative of the Owensboro Regional Suicide Prevention Coalition;

      o.      Expert witnesses, who will be identified in accord with the time periods prescribed by the Federal Rules as modified by any orders of the Court, and anticipates that some or all of such experts may testify during trial.

## II. DOCUMENTS AND TANGIBLE EVIDENCE

Based on information currently available, Plaintiff may use the following documents or evidence to support her claims. Plaintiff reserves the right to supplement this list as additional documents and evidence is located.

1. Records from the Warren County Coroner's Office, including the Coroner Investigation Report and death certificate. Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying. Plaintiff will supplement if additional records are identified.

2. Records from the Bowling Green Police Department concerning Nicole Alyce Borum's death, including the Crime Scene Processors Report, Crime Scene Photos and Photo Log, KYIBRS Report, 911 calls, Interviews, and other documents obtained pursuant to an open records request. Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying. Plaintiff will supplement if additional records are identified.

3. Nicole Borum's medical records and medical bills, diagnostic studies and imaging, pharmaceutical records, and other records and correspondence prepared by her healthcare provides. Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying, including medical records from

6

(1) Bowling Green Medical Center, (2) Deaconess Health System, Deaconess Cross Point, (3) Deaconess Urgent Care Clinic, Dr. Smith, (4) Rite Aid, and (5) Owensboro Dermatology.  Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying.  Plaintiff will supplement if additional records are identified.

      4.      Lexapro prescribing information.  Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying.  Plaintiff will supplement if additional records are identified.

      5.      Calendar of Nicole's activities prepared by her mother;

      6.      Nicole Borum's high school and post-graduate education records, including records from Western Kentucky University.  Plaintiff will supplement with such records as they become available and in Plaintiff's possession.

      7.      Nicole Borum's employment records.  Plaintiff will supplement with such records as they become available and in Plaintiff's possession.   Plaintiff has now produced records from Montana Grill/Raffertys, Inc. and also Payne Wealth Partners, where Nicole spent her summer internship before her death.

      8.      Nicole Borum's financial records, including tax returns, W-2s and other documents establishing her financial condition and financial earnings. Records in Plaintiff's possession are being produced via a file-sharing service, and are otherwise available for inspection and copying.  Plaintiff has produced her W-2 and tax records.

      9.      Documents in the possession, custody and control of the Defendants, including:

a. Documents concerning the care and treatment of Ms. Borum by the Hospital Defendants, including the electronic medical records, medical imaging studies, and other such documents;

b. Agreements, contracts or other business and/or financial relationships between the Hospital Defendants and individuals involved in the care and treatment of Ms. Borum;

c. Documents showing the corporate and organizational structure of any business entities involved in the care and treatment of Patient;

d. Documents contained in Jung Wook Kang Smith M.D.'s quality, credentialing and employment files;

e. Any peer review or incident reports prepared concerning the treatment provided to Ms. Borum;

f. Documents concerning Jung Wook Kang Smith's office operations, patient volumes, and quality oversight;

g. The Hospital Defendants' policies, codes of conduct, procedures, and educational initiatives that applied to the care and treatment of Ms. Borum;

h. Documents concerning Deaconess' operations, policies, procedures, codes of conduct, mental health facilities, training guidelines, quality controls, peer review, and monitoring of Dr. Smith's practice;

i. Agreements between the Defendants and Dr. Smith;

j. Dr. Smith's compensation and patient volumes;

10. Documents concerning the Defendants that are publicly available and obtainable;

11. Photographs, videos and images of Nicole Alyce Borum at the time of her death, and the inventory of items found at her home at the time of her death. Such records are available for inspection at a mutually convenient time for counsel;

12. Photographs, videos and documents supporting Plaintiff's damage claims, including her claims for pain and suffering on behalf of Nicole. Such records are available for inspection at a mutually convenient time for counsel;

13. Documents concerning the rate and prevention of suicide publicly available and published by various non-governmental and governmental organizations in Indiana and Kentucky.

14. Documents relied upon by Plaintiff's expert witnesses to be supplemented in accord with the Federal Rules of Civil Procedure and any orders of the Court.

### III. PLAINTIFF'S COMPUTATION OF DAMAGES

Plaintiff anticipates claiming the following damages. Plaintiff will supplement this itemization of damages as discovery gets underway, additional records are discovered, and the amounts for liquidated damages are determined.

1. Nicole Borum's past pain and mental suffering: $10,000,000

2. Impairment to labor and earn money: (to be supplemented with expert testimony)

3. Funeral expenses: $1,195.00

### IV. INSURANCE AGREEMENT

There are no claims against Plaintiff, and thus no applicable insurance coverage.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony P. Ellis | /s/ William D. Nefzger |
| Anthony P. Ellis | William D. Nefzger |
| ELLIS LAW GROUP, PLLC | BAHE COOK CANTLEY & NEFZGER PLC |
| 624 W. Main St., Suite 200 | Marion E. Taylor Building, 6th Floor |
| Louisville, KY 40202 | 312 South Fourth Street |
| (502) 777-1440 (cell) | Louisville, Kentucky 40202 |
| (859) 878-2049 (fax) | will@bccnlaw.com |
| aellis@theellislawgroup. | (502) 587-2002 – Telephone |
| *Co-Counsel for Plaintiff* | (502) 587-2006 – Facsimile |
| | *Co-Counsel for Plaintiff* |

/s/ Samuel J. Bach
Samuel J. Bach
Bach & Armstrong LLC
312 First Street, P.O. Box 881
Henderson, KY 42419
(270) 844-8200 (phone)
(270) 826-5807 (fax)
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was electronically served on January 28, 2019

                                        /s/ Anthony P. Ellis
                                            Anthony P. Ellis
                                          Counsel for Plaintiff