# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00017-JHM

CYNTHIA GAY BORUM, as                                        PLAINTIFF
Administratrix of the Estate of
Nicole Alyce Borum

V.

JUNG WOOK KANG SMITH, MD.,                            DEFENDANTS
DEACONESS CLINIC, INC.,
DEACONESS HOSPITAL, INC.,
DEACONESS HEALTH SYSTEM, INC.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Errata Sheet of Plaintiff's Expert Dr. Finley Brown. [DN 104]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendants' Motion to Strike Errata Sheet of Plaintiff's Expert Dr. Finley Brown is **GRANTED** as to the revisions at issue.

## I. BACKGROUND

After his deposition, Plaintiff's expert Dr. Finley Brown made several revisions to his deposition transcript via an errata sheet including the following:

| Original | Revised | Reason |
|---|---|---|
| Q. Okay. You said you put the chart on your desk when a person's life is at risk. What defines when a person's life is at risk?<br>A. Okay. So let's say I have got a patient who comes to my office with equivocal signs and symptoms of appendicitis.<br>[DN 104-2 Brown Dep. 68:12–17] | Q. Okay. You said you put the chart on your desk when a person's life is at risk. What defines when a person's life is at risk?<br>A. **I did not say that.** Okay. So let's say I have got a patient who comes to my office with equivocal signs and symptoms of appendicitis.<br>[DN 104-3 at 4] | Words left out [DN 104-3 at 4] |

| | | |
|---|---|---|
| Q. Okay. And the standard treatment is to push the dose until the symptoms are gone?<br>A. Yes.<br>[DN 104-2 Brown Dep. 129:4–6] | Q. Okay. And the standard treatment is to push the dose until the symptoms are gone?<br>A. Yes, **unless you are already at maximum dose.**<br>[DN 104-3 at 5] | I was cut off; this completes my answer.<br>[DN 104-3 at 5] |
| A. "[I]n the history of present illness Dr. Smith writes down that she is here to evaluate her liver enzymes. She is excited about her venture for future and not to do well. I think that's dwell. For some reason it came out not to do well. Of course she didn't correct this note. She spoke to her counselor.[1]<br>Q. Wait, wait. You skipped a sentence. Not depressed but a little anxious.<br>[DN 104-2 Brown Dep. 147:22–148:7] | A. "[I]n the history of present illness Dr. Smith writes down that she is here to evaluate her liver enzymes. She is excited about her venture for future and not to do well. I think that's dwell. For some reason it came out not to do well. Of course she didn't correct this note**, or speak to her counselor.**<br>Q. Wait, wait. You skipped a sentence. Not depressed but a little anxious.<br>[DN 104-3 at 6] | Poor transcription–brutal.<br>[DN 104-3 at 6] |
| A. She said she was able to briefly summarize what happened. She recognized it was on reasonable.[2]<br>[DN 104-2 148:15–17] | A. She said she was able to briefly summarize what happened. ~~She recognized it was on reasonable~~.<br>[DN 104-3 at 6] | Makes no sense; transcription error.<br>[DN 104-3 at 6] |

[DN 104-3]. Defendants now ask Court to strike Dr. Brown's changes from his errata sheet. [DN 104].

**II. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 30(e)(1) permits a deponent to review the deposition transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." In an unpublished opinion, the Sixth Circuit, however, has explained, "Rule 30(e) does not allow one to alter what was said under oath." *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs.*

---

[1] "She spoke to her counselor" appears to be Dr. Brown continuing to read from Dr. Smith's notes during the deposition. [DN 104-4 at 1].

[2] "She recognized it was on reasonable" at first glance appears to be a transcription error, but it is an accurate transcription based on the note from Dr. Smith. [*Id.*].

2

*Installations Servs., Inc.*, No. 2:06-CV-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)). "[A] majority of district courts within the Sixth Circuit have interpreted *Trout* to provide that an errata sheet is not a vehicle for a deponent to make substantive changes to deposition testimony." *Simpson v. Xerox Educ. Servs., LLC*, No. 3:17-CV-76-JRW-CHL, 2020 WL 1033541, at *6 (W.D. Ky. Mar. 3, 2020); *Ramirez v, Bolster & Jeffries Health Care Grp., LLC*, No. 1:12CV-00205, 2016 WL 4132294, at *3 (W.D. Ky. Aug. 3, 2016) (footnote omitted). "And other courts outside the circuit have recognized that the Sixth Circuit is the '[o]ne court of appeals [that] permits a defendant to correct only typographic and transcription errors." *Ramirez*, 2016 WL 4132294, at *2 (alterations in original) (internal citation omitted) (quoting *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. 5:11-372-DCR, 2014 WL 1744848, at *3 (E.D. Ky. Apr. 30, 2014).

### III. DISCUSSION

Defendants argue that each of Dr. Brown's corrections at issue are substantive revisions to his testimony that are prohibited under Sixth Circuit precedent. [DN 104 at 3]. Plaintiff responds that Defendants' motion fails for two reasons: "First, all four of the revisions are challenges by Dr. Brown to the transcription of the testimony by the stenographer. Second, Defendants have no audio recording, and therefore, no way to establish their assertions." [DN 110 at 3]. The Court disagrees with Plaintiff's characterization that all four of the revisions are Dr. Brown's challenges to the transcription. Each of Dr. Brown's revisions to the transcript involve adding or removing words that substantively changes the transcript—the types of revisions not permitted by the Sixth Circuit. *See Ramirez*, 2016 WL 4132294, at *3 ("Ms. Lyon's changes to the testimony clearly do not relate to typographical or transcription errors and go to the substance of her testimony.").

3

Plaintiff's second argument is unpersuasive because Defendants have supported their assertion that Dr. Brown's revisions are substantive. As such, the relevant changes shall be stricken.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Errata Sheet of Plaintiff's Expert Dr. Finley Brown [DN 104] is **GRANTED** as to the revisions at issue.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 1, 2020

cc: counsel of record