# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| CYNTHIA GAY BORUM, as Administrator of the Estate of NICOLE ALYCE BORUM,<br><br>Plaintiff,<br><br>v.<br><br>JUNG WOOK KANG SMITH, MD et al.,<br><br>Defendants. | CASE NO. 4:17-CV-00017-JHM-HBB |

**[       AGREED NINTH AMENDED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 26(f), the undersigned counsel for the parties conferred on and submit to the Court the following proposed Scheduling Order governing discovery and trial preparation schedule for this matter.

The Court has reviewed the joint report submitted by the parties of their proposed litigation plan, has considered the statements by counsel during the parties' prior conference, and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

1. Counsel for parties have made all initial disclosures required of Fed. R. Civ. P. 26(a)(1). The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than** thirty days prior to the end of discovery. **The parties are notified and hereby informed that no witnesses not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P.**

**26(a)(1)(A)(i), and no exhibit which has not been provided under Fed. R. Civ. P. 26(a)(1)(A)(ii), shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or harmless.**  The Court will order the filing of final witness and exhibit lists when this case is set for trial.

      2.  The discovery depositions of all expert witnesses shall be completed **no later than June 15, 2020.**  All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline.  **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy.**  Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order.  **ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

    **Non-waiver of attorney-client privilege or work-product protection**. Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

3. **No later than August 1, 2020,** counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions).

4. All other limitations set forth in the Report of Parties' Planning Meeting (DN 49), to the extent they are not inconsistent with this Order, are incorporated herein.

5. In the event discovery is completed and neither party anticipates filing dispositive motions, or in the event no dispositive motions are filed by the deadline, counsel shall notify the Magistrate Judge's Courtroom Deputy and the case will be set for a status conference. Upon resolution of any dispositive motions which are filed, the court will enter appropriate orders regarding the scheduling of this case toward final resolution, if necessary.

6. A telephonic status conference shall be conducted on **June 23, 2020 at 9:00 a.m., CDT**. The Court will initiate the call. If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order. Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.

**HAVE SEEN AND AGREED TO:**


<u>/s/ Katherine T. Watts</u>
Katherine T. Watts, Esq.
Phillips Parker Orberson & Arnett, PLC
716 West Main Street, Suite 300
Louisville, Kentucky 40202
kwatts@ppoalaw.com
*Counsel for Defendants*


<u>/s/ William D. Nefzger (w/permission)</u>
William D. Nefzger, Esq.
BAHE COOK CANTLEY & NEFZGER, PLC
1041 Goss Avenue
Louisville, Kentucky 40217
will@bccnlaw.com
*Co-Counsel for Plaintiff*


<u>/s/ Samuel J. Bach (w/permission)</u>
Samuel J. Bach, Esq.
Bach & Armstrong LLC
312 First Street
P.O. Box 881
Henderson, Kentucky 42419
sam@bacharmstrong.com
*Co-Counsel for Plaintiff*


Copies to: Counsel of Record